IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURT MARQUAIN LOCKETT,

    Plaintiff,

v.                                                    CASE NO. 5:13-cv-371-RS-GRJ

JOHN DOE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss the complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief may be granted. Doc. 40 (amended motion). The Court directed Plaintiff to file a response to the motion. Doc. 41. Plaintiff then filed a motion for leave to exhaust administrative remedies in which he conceded that he did not exhaust administrative remedies regarding the claims in this case prior to filing the case. Plaintiff sought the Court's leave to complete the inmate grievance process, and then go forward with this case. Doc. 43. The Court denied Plaintiff's motion and afforded him an opportunity to either respond to the motion to dismiss or voluntarily dismiss this case. Doc. 44. Plaintiff filed a response in opposition to the motion contending that his failure to exhaust should be excused because he suffered retaliation at Gulf C.I. for filing grievances. Docs. 45, 46. For the following reasons, the undersigned recommends that the motion to dismiss be granted.

## STANDARD OF REVIEW

**A. Motion to Dismiss Standard**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an

act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

  B.  **Exhaustion Requirement**

The PLRA provides that "[n]o action shall be brought" by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has interpreted this provision to "mandate[ ] strict exhaustion" no matter "the forms of relief sought and offered through administrative avenues." *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir.2005) (quotation marks omitted). To exhaust administrative remedies, a prisoner must complete the administrative review process according to the rules set forth in the prison grievance process itself. *Jones v. Bock*,

549 U.S. 199, 218 (2007). In other words, the PLRA's exhaustion provision requires compliance with prison grievance procedures. *Id*.

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir.2001). It is also clear that, for exhaustion purposes, the facts that count are those in existence at the time the plaintiff files his lawsuit. *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a prisoner" is determined as of the time suit is filed). Section 1997e(a) provides that "[n]o action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The word "brought" in this context "refer[s] to the filing or commencement of a lawsuit, not to its continuation." *Harris*, 216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply with state grievance procedures "*before* filing a federal lawsuit under section 1983") (emphasis added).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust

remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

Plaintiff alleges that in November 2011 while confined at Gulf C.I.[2] he began to experience abdominal pain. Plaintiff contends that he was denied treatment although he declared a medical emergency. Plaintiff alleges that from November 5 to November 12 he did not receive treatment, except a prison nurse gave him Maalox. Plaintiff alleges that in the days following he was seen at the prison infirmary and eventually transported for surgery to remove his appendix. Upon his return to Gulf C.I., Plaintiff alleges that Dr. Sanchez refused to allow him to return to the hospital for follow-up care and ordered a nurse to remove his surgical staples. Plaintiff alleges that as a consequence he developed an abscess which required a second surgery. Plaintiff seeks compensatory and punitive damages. Doc. 1.

The motion to dismiss, Doc. 40, and attached exhibits reflect that on June 30, 2012, Plaintiff submitted a grievance directly to the Secretary of the Department of Corrections' Central Office alleging that he had tried to file grievances regarding his medical treatment but received no response. Doc. 40, Exh. A (Grievance 12-6-21138). Plaintiff's grievance was returned without action pursuant to Rule 33-103.006, F.A.C. because he had "not provided sufficient information upon which to base inquiry regarding your allegations of reprisal/threats or destruction of grievances," sufficient for him to file directly with the Central Office without first filing at the institutional level. In

---

[2]Plaintiff is currently confined at Taylor C.I.

particular, Plaintiff did not attach copies of his alleged institutional grievances.  Exh. B.  Plaintiff was afforded 15 days within which to submit a grievance at the institutional level.  *Id*.

On August 14, 2012, Plaintiff filed a grievance with the Warden's Office alleging denial of medical care in November and December 2011.  *Id*. Exh. C.  The grievance was denied on the basis that Plaintiff was "seen in medical on numerous occasions and are receiving appropriate treatment. If you have questions or concerns regarding infirmary care, you need to sign up for sick call."  *Id*. Exh. D.  The response informed Plaintiff that he could file a grievance appeal with the Central Office.  *Id*.  The Central Office appeals log for Plaintiff (Curt M. Lockett, DC# W12073), reflects that prior to January 13, 2014 (the date that Plaintiff filed this lawsuit), Plaintiff failed to file a grievance appeal for his alleged denial of medical care dating back to November and December 2011.  *Id*.  Exh. E.

In opposition to the motion to dismiss, Plaintiff conclusionally alleges that he filed institutional grievances regarding his medical care but never received a response.  Plaintiff does not allege, however, that he sought any remedies complaining that his institutional medical grievances were ignored, prior to filing the August 2012 Central Office grievance that was rejected.  Nor has Plaintiff provided copies of the alleged medical grievances that he contends were ignored.  Plaintiff alleges that while he was in the infirmary at Gulf C.I. he was "confronted by a high ranking field officer with threats of harm to discourage him" from continuing to pursue administrative remedies.  Docs. 45,46.  Plaintiff provides little factual detail in support of this assertion.

Plaintiff does allege that in May 2012 he was confronted by officers who searched his legal papers and discovered a grievance and a letter to an attorney; as a consequence Plaintiff was charged with a "false" disciplinary report, threatened with chemical spray, and placed in confinement.  Doc. 46.  Plaintiff filed a Central Office grievance regarding these events (Grievance 12-6-20289).  His complaint was referred to the Inspector General and his appeal was approved.  Doc. 46 at 6-7.  Accepting these allegations as true, such allegations do not establish that Plaintiff was unable to pursue administrative remedies regarding the medical treatment he received at Gulf C.I. in November and December of 2011, well prior to the alleged May 2012 events.

On this record, it is clear that Plaintiff failed to comply with the DOC's administrative remedy process regarding his medical treatment at Gulf C.I. in November and December 2011, before filing this suit.   Pursuant to the PLRA, this case must be dismissed for failure to exhaust administrative remedies.  *See Jones,* 549 U.S. at 211*.*

## RECOMMENDATION

 In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, Doc. 40, should be **GRANTED** and this case should be **DISMISSED** for failure to exhaust administrative remedies before filing suit.

**IN CHAMBERS**  this 2nd day of February  2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.